**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Richard G. BOWSER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 20, 2001.

Filed Sept. 11, 2001.

Richard G. Bowser, appellant, pro se.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before: EAKIN, STEVENS and OLSZEWSKI, JJ.

EAKIN, J.

¶ 1 Richard Bowser appeals, *pro se,* from the order denying his motion for credit for time served. The trial court succinctly stated the facts of the case:

The defendant, Richard G. Bowser, pled guilty on August 22, 1994, to Receiving Stolen Property, 18 Pa.C.S.A. § 3925. On the same day, the defendant was sentenced pursuant to a plea agreement to serve a period of incarceration of not less than six months nor more than twenty-three months and to a consecutive three-year period of probation. As the defendant had already been incarcerated for eleven months and nineteen days, he was paroled forthwith.

On June 29, 1998, the court revoked the defendant's probation due to a new criminal conviction and imposed a sentence of incarceration of not less than one year nor more than three years.

On or about July 7, 2000, the defendant filed a Motion for Time Credit requesting that he be given credit on the "revocation sentence" of one to three years for the eleven months and nineteen days that he was incarcerated on the original sentence of six to twenty-three months. The motion was denied on July 11, 2000. This appeal followed.

Trial Court Opinion, 8/24/00, at 1–2.

¶ 2 Appellant raises the following issue:

Where appellant received a sentence of six (6) to twenty-three (23) months and a consecutive three (3) year term of probation for a single count of receiving stolen property and then violated his probation and was resentenced to an additional sentence of one (1) to three (3) years, did the trial court [err] by not crediting him towards his sentence of one (1) to three (3) years for the eleven (11) months and nineteen (19) days that he served on his original sentence of six (6) to twenty-three (23) months?

Appellant's Brief, at 4.

¶ 3 "Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing.... Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Fish,* 752 A.2d 921, 923 (Pa.Super.2000) (citations omitted).

¶ 4 Appellant received one sentence with two components: a maximum of 23 months incarceration and a consecutive 36–month

term of probation.[1] He received credit on the former for time spent in jail, and was paroled. While serving the probationary portion of the sentence, his probation was revoked because of another criminal conviction. At the time of his second conviction, March 19, 1997, appellant's parole was over; he was serving only the probationary portion of the sentence. He now wants time previously credited to his incarceration component to be credited to the sentence he received upon revocation of his probation component.

■ ¶5 Having received credit for the time in jail on the first component of the sentence, appellant did not spend the last half of the 23–month incarcerative portion of the sentence in jail. Probation began after that credit. Credit has been given once; had no credit been given, he would not have been paroled in August 1994, and his probation would not have begun for some months thereafter. We see no reason to award duplicate credit in the second component of the sentence.

¶6 Appellant cites *Commonwealth v. Williams*, 443 Pa.Super. 479, 662 A.2d 658 (1995), and claims our application of 42

Pa.C.S. § 9760[2] therein requires him to be credited again with the time spent in jail awaiting trial. In *Williams*, this Court ordered the appellant's sentence (following the revocation of probation) be credited with previous time spent incarcerated, because the revocation sentence constituted the maximum time the appellant could serve for the crime; to avoid it being an illegal sentence, the appellant had to receive credit for time previously served for the same crime.

¶7 *Williams* does not control our case. Appellant's revocation sentence (one to three years), combined with the time to which he has previously been sentenced (six to 23 months), does not equal the maximum amount of time to which he can be sentenced (seven years). Accordingly, appellant's sentence is not illegal and *Williams* does not apply.

■ ¶8 The sentencing court has the discretion to fashion an appropriate sentence if probation is violated. Our review of the record and the applicable sections of the Sentencing Code does not reveal any abuse of discretion by the sentencing court.

---

1. Although termed consecutive in the trial court opinion, appellant was ordered paroled and placed on probation August 22, 1994; this made the parole and probation components concurrent. *See Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa.Super.1997) (citations omitted).

2. This section of the Sentencing Code provides:

    After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
    (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such

charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

42 Pa.C.S. § 9760.

¶9 Because appellant has already received credit, and no error can be found in the trial court's sentence, we affirm.

¶10 Order affirmed.

¶11 OLSZEWSKI, J. files a Dissenting Opinion.

OLSZEWSKI, J., Dissenting.

¶1 The majority opinion concludes that *Commonwealth v. Williams,* 443 Pa.Super. 479, 662 A.2d 658 (1995) is not controlling in this case, although it is directly on point. Thus, I must respectfully dissent.

¶2 Appellant argues that 42 Pa.C.S. § 9760(1) and (2) mandates that he should receive credit for any time served for the same offense based on the same act or acts. I am constrained to agree. In *Williams,* appellant received a sentence of eleven and one-half to twenty-three months' imprisonment and a consecutive term of three years' probation when he pled guilty to attempted theft by unlawful taking. *See id.* at 658. He served the minimum sentence and was released on parole, which was later revoked as a result of convictions for new crimes. *See id.* Appellant served the remainder of his twenty-three months, and his probation was continued. *See id.* Then, Appellant's probation was revoked after conviction of an additional crime. *See id.* Due to appellant's probation revocation, appellant was re-sentenced to three and one-half to seven years' imprisonment on the original conviction of theft by unlawful taking. *See id.* at 658–59. However, the sentencing court failed to credit appellant with the twenty-three months he had already served. *See id.* at 659. A panel of this Court vacated the sentence, and credited him with the time he had already served on the underlying offense. *See id.* The majority tries to distinguish *Williams* from the present case by focusing on the fact that Williams would have been serving

a sentence exceeding statutory maximums if not credited for time served. I believe that to distinguish the case in this manner is to obfuscate the opinion of the Court. The Court did not merely reverse the judgment of sentence and remand the case for re-sentencing based on the fact that the cumulative sentence exceeded the statutory maximum. *See Williams,* 662 A.2d at 659. Instead, the Court credited appellant for the entire period he had served for the single act of theft by unlawful taking. *See id.* In addition, the Court's argument focused almost entirely on calculating credit for time served. Thus, I am constrained to agree with appellant that he too must be credited for the entire period he has already served.

¶3 Our scope of review following probation revocation "is limited to the validity of the revocation proceeding and the legality of the final judgment of sentence." *See Williams,* 662 A.2d at 659 (citing *Commonwealth v. Beasley,* 391 Pa.Super. 287, 570 A.2d 1336 (1990)). A challenge to the legality of a sentence is nonwaivable. *See id.* Section 9771(b) of the Sentencing Code states:

> The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing, alternatives available to the court shall be the same *as were available at the time of initial sentencing,* due consideration being given to the time spent serving the order of probation.

In addition, 42 Pa.C.S. § 9760 provides:

> **Credit for time served.**
> After reviewing the information submitted under section 937 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
> (1) Credit against the maximum term and any minimum term shall be given

to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) *Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts.* This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

¶ 4 Appellant entered a guilty plea for receiving stolen property and the trial court imposed its sentence pursuant to a plea agreement. While awaiting trial, the Commonwealth incarcerated appellant for eleven months and nineteen days. Because the minimum sentence imposed was only six months, appellant was immediately released on parole. On June 29, 1998, the lower court revoked appellant's probation due to a new criminal conviction, then re-sentenced appellant to one to three years. These sentences were both imposed as a result of the single underlying offense of receiving stolen property. Thus, appellant is entitled to credit for all "time spent in custody prior to trial, during trial, pending sentence, and pending resolution of an appeal." *Williams,* 662 A.2d at 659 (citing 42 Pa.C.S. § 9760(1)).

To do otherwise would be to impose two separate sentences on appellant for a single crime, a sentence that would not have been available at the time of the original sentence. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution protects against multiple punishments for the same offense. *See Commonwealth v. Arriaga,* 422 Pa.Super. 52, 618 A.2d 1011, 1013 (1993) (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). If the trial judge meant for the new sentence to be inclusive of the original sentence, he should have stated on the record that he was sentencing appellant not to one to three years, but to 18 to 59 months[3]. Appellant would then receive credit for time he had already served. This Court should not ignore the fact that the trial court cannot impose multiple punishments for the same offense. Therefore, I would reverse and remand for imposition of a revised sentence, crediting appellant with all time served on the underlying offense.

---

**3.** Six to twenty-three months (original sentence), plus twelve to thirty-six months (revocation sentence).