J-S07007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY RYAN HALL, JR., | |
| Appellant | No. 583 MDA 2014 |

Appeal from the PCRA Order February 27, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005452-2008

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 10, 2015**

Appellant, Gregory Ryan Hall, appeals from the order granting him relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541 *et seq*.  Appellant claims that his sentence is illegal, as he was granted 336 days' time credit toward his sentence, but additional credit should have been applied.  After careful review, we affirm.

On December 31, 2008, Appellant was sentenced to a term of five to ten years' incarceration at CP-67-CR-0001003-2007.  Appellant was then sentenced on federal charges to a concurrent term of 120 months' incarceration on April 30, 2009.  Finally, Appellant was sentenced on March 3, 2010, in the instant case to a term of three to six years' incarceration.  This term of incarceration was structured to be served consecutively to

Appellant's federal sentence, and concurrently to the sentence imposed at CP-67-CR-0001003-2007.[1]

On September 3, 2010, this Court vacated Appellant's sentence at CP-67-CR-0001003-2007, and remanded for a determination of whether the Commonwealth failed to exercise due diligence to bring Appellant to trial, as Appellant's trial date was beyond the constraints of Pa.Crim.P. Rule 600.[2] On November 21, 2011, the trial court determined that Rule 600 had been violated, and dismissed the charges against Appellant. On February 15, 2012, Appellant filed a PCRA petition seeking to have the time he spent incarcerated at CP-67-CR-0001003-2007 applied to his sentence in the instant case. The PCRA court applied 504 days of credit toward Appellant's sentence in the instant case. Appellant filed a notice of appeal with this Court, and we subsequently remanded for further development of the record. *See Commonwealth v. Hall*, 93 A.3d 500 (Pa. Super. 2013) (unpublished memorandum). A hearing was held on February 27, 2014, after which the PCRA court applied a reduced amount of 336 days of credit towards Appellant's sentence. Appellant filed a timely notice of appeal, and a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

_____

[1] Appellant was arrested on the charges in the instant case prior to his conviction and sentencing in CP-67-CR-0001003-2007.

[2] In that decision, this Court concluded the instant PCRA petition was timely filed, and we possessed jurisdiction to review the merits of Appellant's claims. *See Commonwealth v. Hall*, 13 A.3d 972 (Pa. Super. 2010) (unpublished memorandum).

Appellant now raises the following question for our review:

I.   [W]hether [] Appellant is entitled to credit for time served under 1003-2007 when said sentence was later vacated and the charges dismissed against Appellant. Appellant had already been arrested under 5462-2008 as of the time he began serving under 1003-2007.

Appellant's brief at 2.

On appeal, Appellant claims that he was incarcerated from December 31, 2008, to November 16, 2009, serving the sentence that was vacated by this Court at CP-67-CR-0001003-2007. Appellant does not specify how much time credit he believes he is due, only that he is "entitled to credit for the entire time." Appellant's brief at 5. The trial court applied credit from May 29, 2008, to April 30, 2009, toward Appellant's sentence in the instant case. N.T., 2/27/14, at 20, 23. As such, it appears that Appellant claims on appeal he is due credit from April 30, 2009, to November 16, 2009.

Time credit is governed by 42 Pa.C.S. § 9760, which states:

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as

- 3 -

a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

At Appellant's hearing following remand, his federal sentencing order was offered into evidence. Pursuant to that order, Appellant's federal sentence commenced the day that sentence was imposed, April 30, 2009. N.T., 2/27/14, at 5. Consequently, the PCRA court applied credit for the time Appellant was incarcerated prior to April 30, 2009, toward his sentence in the instant case. The PCRA court did not apply credit for the time Appellant was incarcerated after April 30, 2009, because the court found that credit had already been applied to Appellant's federal sentence, and to impose that credit toward Appellant's sentence in the instant case would be granting him "double credit." *Id.* at 12.

It is not error for a court to decline to award duplicate credit for time that has already been applied toward another sentence. ***See Commonwealth v. Bowser***, 783 A.2d 348, 350 (Pa. Super. 2001). Appellant did not offer evidence that he had not received credit towards his

federal sentence for the time he spent incarcerated beginning on April 30, 2009. Therefore, we conclude Appellant's claim is meritless.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015