J-S79007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VENIECE QUEEN | |
| Appellant | No. 769 EDA 2016 |

Appeal from the Judgment of Sentence February 9, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001172-2002

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VENIECE QUEEN | |
| Appellant | No. 770 EDA 2016 |

Appeal from the Judgment of Sentence February 9, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001173-2002

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VENIECE QUEEN | |
| Appellant | No. 771 EDA 2016 |

Appeal from the Judgment of Sentence February 9, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001174-2002

J-S79007-16

COMMONWEALTH OF PENNSYLVANIA

        Appellee

        v.

VENIECE QUEEN

        Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 772 EDA 2016

Appeal from the Judgment of Sentence February 9, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001435-2002

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:        **FILED NOVEMBER 30, 2016**

Appellant, Veniece Queen, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following revocation of her probation.  We vacate the judgment of sentence and remand for resentencing.

The relevant facts and procedural history of this case are as follows. On June 27, 2002 Appellant pled guilty at four separate dockets to three counts of forgery and one count of false statements (to obtain assistance and food stamps).[1]  On that same date, the court sentenced Appellant to concurrent terms of two (2) years' probation for each offense.  Appellant's initial probation violation resulted in the issuance of a bench warrant on November 21, 2002.  Appellant absconded and was detained approximately

_____

[1] 18 Pa.C.S.A. § 4101(a)(1); 62 P.S. § 481(a).

- 2 -

six years later. The court revoked Appellant's probation on March 28, 2008, and resentenced Appellant to concurrent terms of two (2) years' probation for each offense. Following additional probation violations, the court revoked Appellant's probation and re-imposed the same two-year probationary sentence on March 26, 2010, and July 17, 2015. In September 2015, Appellant admitted to another technical violation of her probation. The court issued a bench warrant, and Appellant was detained on December 9, 2015. On February 9, 2016, the court held a **Gagnon II**[2] hearing, revoked Appellant's probation at all dockets, and resentenced her to concurrent terms of six (6) to twenty-four (24) months' incarceration for each offense. Appellant filed timely notices of appeal in each case on March 9, 2016. The court ordered Appellant to file concise statements of errors complained of on appeal per Pa.R.A.P. 1925(b). In lieu of concise statements, Attorney Connors filed a Rule 1925(c)(4) statement of intent to file an **Anders**[3] brief in each case. This Court subsequently consolidated all four cases on appeal. Attorney Foltz then entered his appearance and filed a merits brief.

Appellant raises one issue for our review:

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

[3] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

> DID THE TRIAL COURT ERR IN SENTENCING [APPELLANT] TO SIX TO TWENTY FOUR MONTHS['] INCARCERATION FROM THE DATE OF SENTENCING WITHOUT GIVING CREDIT FOR TIME SERVED FOR THE SIXTY DAYS INCARCERATED PRIOR TO THE SENTENCING HEARING FOR THE VIOLATION OF HER PROBATION?

(Appellant's Brief at 5).

Preliminarily, any issue not raised in a Rule 1925(b) statement is generally waived for appellate review. *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775 (2005). Here, revocation counsel filed Rule 1925(c)(4) statements of intent to file an *Anders* brief in response to the court's Rule 1925(b) order, so the court did not issue a Rule 1925(a) opinion addressing any potential issues for appeal. Despite the Rule 1925(c)(4) statements, when appellate counsel subsequently entered his appearance, he filed a merits brief. A merits brief, however, required a Rule 1925(b) statement to preserve issues for appeal. Ordinarily, counsel's failure to file a Rule 1925(b) statement would constitute *per se* ineffectiveness and could require this Court to remand to allow counsel to file a proper concise statement *nunc pro tunc*. *See* Pa.R.A.P. 1925(c)(3). Nevertheless, Appellant's sole issue on appeal is a non-waivable challenge to the legality of her sentence, so remand is unnecessary. *See Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super. 2009) (stating trial court's failure to award credit for time served implicates legality of sentence); *Commonwealth v. Bowser*, 783 A.2d 348 (Pa.Super. 2001), *appeal denied*, 568 Pa. 733, 798 A.2d 1286 (2002) (stating challenge to legality of sentence cannot be waived). Therefore, we

will address the issue presented on appeal.

Appellant argues she had been incarcerated for sixty days on a probation detainer prior to her new sentence for the current technical violation of probation. Appellant asserts that sixty-day period of incarceration related only to the probation violation. Appellant contends the court failed to award her proper credit for time served on her probation detainer. Appellant concludes this Court should vacate the judgment of sentence and remand for resentencing. We agree.

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*). Credit for time served is governed by the Sentencing Code in relevant part as follows:

> **§ 9760. Credit for time served**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). *See also Gaito v. Pennsylvania Bd. of*

*Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980) (stating defendant is entitled to credit for time spent in custody on detainer lodged by Board of Probation and Parole).

Instantly, following her most recent probation violation, Appellant spent sixty (60) days incarcerated on the probation detainer awaiting the revocation and resentencing hearing.[4]  The court revoked Appellant's probation and imposed concurrent terms of six to twenty-four months' incarceration for each offense at four separate dockets, on the recommendation of Appellant's probation officer.  Appellant was entitled to credit for time served on the probation detainer.  *See id.*; 42 Pa.C.S.A. § 9760(1).  None of the sentencing orders, however, reflects that Appellant was awarded any credit for time served.

At resentencing, the following exchange took place between the court, Appellant, defense counsel and the probation officer:

> THE COURT:        I'm finding you in violation of your probation on all these cases.  And that's revoked, I give you a new sentence of 6 to 24 months served in a State Correctional Institute, you got to submit—
>
> [APPELLANT]:        So, my time here doesn't count?

---

[4] Appellant, the Commonwealth, and the trial court all agreed that Appellant spent sixty days in custody on her probation detainer.  The **Gagnon II** hearing report, however, states Appellant was detained on December 9, 2015, which constitutes sixty-two (62) days, so the parties' calculation of Appellant's presentence period of incarceration may be short by those two days.

THE COURT:           Yeah, yeah, yeah, you're getting credit. Don't you—wait a minute, no, you already got that against your probation, right?

PROBATION OFFICER:     I was asking to run it back—

THE COURT:           Pardon me?

PROBATION OFFICER:     I was asking just to run the sentence back.

DEFENSE COUNSEL:     Because she has 60 days.

[APPELLANT]:          I've been here for 60 days.

THE COURT:           Well, let me ask you a question, she doesn't get credit for those 60 against the six months, or does she? No, I mean, was that factored into your decision? Yeah, your back—your back time is reduced by 60 days in jail.[5]

[APPELLANT]:          Okay.

THE COURT:           But, they want you to serve six months upstate and that's what we're doing.

[APPELLANT]:          Okay. So, if that's possible, then my back time will be six months?

THE COURT:           No, they want you to—six months upstate, excuse me, six months upstate, excuse me. Go ahead, agent.

[APPELLANT]:          Yeah, but if I get 60 days, that's 6 to 22 months, correct?

THE COURT:           No, no, no, no—no, no, no, no, the recommendation already takes the 60 days in and

_____

[5] The court later acknowledged that it misspoke when it referred to "back time," as Appellant was resentenced for a probation violation as opposed to a parole violation.

gives you credit against your back time already. Now, you've got less back time than you had when you went in, am I right, agent?

[APPELLANT]:                 I had 24 months and I still have 24 months.

THE COURT:                 Do we take it off the back?

PROBATION OFFICER:     No, Your Honor—

[APPELLANT]:                 No.

PROBATION OFFICER:     —if you're willing to grant that time from the time she was incarcerated, then I would ask for 8 to 24 months, I was going to [inaudible].

THE COURT:                 You see that, if I give you that credit, he wants 8 to 24 months. So, I credit it against your back time.

[APPELLANT]:                 I have two in, and I still have to do six, correct?

THE COURT:                 Correct. Correct. He wants you to do six months in and I do, too. So, I'm giving you 6 to 24 months, the credit does not apply against that 6 to 24 months, it's applied against the—does it take it off her back on the 24 months?

[APPELLANT]:                 No.

THE COURT:                 Is it 6 to 22 now?

PROBATION OFFICER:     No, it's 6 to 24.

THE COURT:                 6 to 24. All right. Good enough. So, it's a 6 to 24 months sentence served in SCI[.]

(N.T. Resentencing, 2/9/16, at 8-11). The court attempted on some level to account for Appellant's presentence period of incarceration when imposing

the revocation sentence. The court's sentencing decision, however, apparently was affected by a misunderstanding of how to apply credit for the time Appellant spent in custody on the detainer. Credit for Appellant's presentence period of incarceration on the probation detainer must be applied to her revocation sentence **as a whole**, not just the minimum term. **See** 42 Pa.C.S.A. § 9760(1). In other words, if the court intended to impose a twenty-four month maximum term of incarceration, Appellant should spend no more than twenty-two months in prison from the date her sentence began to account for the time she already spent incarcerated. Without the proper notation on the sentencing orders, however, Appellant might not receive that credit and is exposed to a potential twenty-six months of incarceration. **See Commonwealth v. Ellsworth**, 97 A.3d 1255 (Pa.Super. 2014) (stating Department of Corrections ("DOC") is executive agency with no power to add or remove sentencing conditions, including credit for time served); **Commonwealth v. Heredia**, 97 A.3d 392 (Pa.Super. 2014), *appeal denied*, 628 Pa. 637, 104 A.3d 524 (2014) (stating text of sentencing order is determinative of court's sentencing intentions and sentence imposed).

In light of the confusion at resentencing surrounding the court's intended sentence and the proper application of credit for time served, we vacate the judgment of sentence and remand for resentencing. To avoid any ambiguity, the court shall impose the over-all sentence it deems

appropriate (without subtracting credit for time served from the minimum and maximum terms), and then indicate on the sentencing orders that Appellant is to receive credit for the exact number of days she spent in custody on the probation detainer (60 or 62) as well as the exact number of days she has served in custody pending resolution of her appeal.[6] Accordingly, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2016

---

[6] The sentencing orders will then trigger the DOC's duty to credit Appellant's sentence appropriately.