J-S14035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN LEE DOSCH, | : | |
| | : | |
| Appellant | : | No. 1426 MDA 2016 |

Appeal from the Judgment of Sentence July 29, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000115-2010,
CP-36-CR-0000485-2011, CP-36-CR-0000618-2011,
CP-36-CR-0002737-2011, CP-36-CR-0005606-2011

BEFORE:    GANTMAN, P.J., SHOGAN and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED AUGUST 21, 2017**

Steven Lee Dosch (Appellant) appeals from his July 29, 2016 judgment of sentence, which the revocation court imposed after revoking Appellant's parole and probation.  Appellant's counsel originally filed in this Court a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). In a prior memorandum, we denied counsel's petition and remanded for the filing of new briefs on the issue of whether the revocation court awarded proper time credit to Appellant when resentencing Appellant after the revocation of his probation at two different docket numbers.  ***See Commonwealth v. Dosch***, 2017 WL 2130293 (Pa. Super. May 16, 2017) (unpublished memorandum).  After review of Appellant's brief, we conclude

_____
*Retired Senior Judge assigned to the Superior Court.

that the revocation court did not award proper time credit. Accordingly, we vacate his sentences at counts one and two of docket number 2737-2011 and remand, first, for the revocation court to determine the proper time credit pursuant to 42 Pa.C.S. § 9760(1), and, second, for resentencing. We also vacate his sentence at count one of docket number 5606-2011, and remand for resentencing to incorporate credit for time Appellant spent incarcerated on a probation detainer prior to resentencing on the probationary tail of his split sentence at that docket number. We affirm his judgment of sentence in all other respects.

We refer the parties to our May 16, 2017 memorandum for a full recounting of the facts and prior procedural history. As we described in that memorandum in more detail, the revocation court resentenced Appellant at the five above-captioned docket numbers after revoking his parole and/or probation. Relevant to this appeal, at counts one and two of docket number 2737-2011, the revocation court revoked Appellant's probation and resentenced Appellant to one-and-a-half to three years of incarceration. Violation Sentencing Sheets/Violation Conditions Sentencing Orders (VSS/VCSO), 7/29/2016. At count one of docket number 5605-2011, the revocation court revoked Appellant's probation, previously imposed as a split sentence of incarceration and probation, and resentenced Appellant to two-and-one-half to five years of incarceration.

Appellant appealed from his judgment of sentence, and upon review of counsel's **Anders** brief, we agreed that there was no merit to challenging the discretionary aspects of his sentence. However, we remanded for counsel to brief the issue of whether Appellant is serving illegal sentences at counts one and two of docket number 2737-2011 and count one of docket number 5605-2011 because he did not receive proper time credit in accordance with 42 Pa.C.S. § 9760 for time spent incarcerated prior to his resentencing. **Dosch** (unpublished memorandum at *5). Counsel filed an advocate's brief on July 14, 2017, the Commonwealth declined to file a brief, and the issue is now ripe for determination.

We begin by reiterating the applicable law. "A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." **Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa. Super. 2009).

> As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*. Issues relating to the legality of a sentence are questions of law[.] As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotation marks omitted).

The governing statute provides the following.

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a

result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760.

The purpose of section 9760 is to ensure that indigent offenders who are unable to afford bail do not serve more time in confinement than identically situated offenders who furnish bail. *Johnson*, 967 A.2d at 1003. This Court has interpreted section 9760 to apply to probationers upon revocation of probation. Specifically, upon a revocation of probation, revocation courts must award credit for time served prior to the original sentencing and resentencing so long as the probationer has never received credit for this time before. *Id.* at 1005-06.

A split sentence is one that includes a period of incarceration followed by a period of probation. Upon revocation of probation on a split sentence, the probationer is not entitled to receive double credit for time spent incarcerated on the initial part of the sentence. *Id.* at 1005 n.3. Thus, "a defendant [is not] automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum." *Commonwealth v. Crump*, 995 A.2d 1280, 1284 (Pa. Super. 2010).

With these standards in mind, we examine each docket separately.

**Docket Number 2737-2011:**

As we discussed in our prior memorandum, according to the sentencing order, Appellant was awarded time credit for 471 days at docket number 2737-2011, which purported to reflect all of the time he spent incarcerated prior to the resentencing hearing. VSS/VCSO at 1. However, a review of the record reveals that Appellant was incarcerated for significantly more time than 471 days.

During the resentencing hearing, the revocation court stated its intent to give Appellant the time credit he requested in a memorandum authored by his counsel. *See* N.T., 7/29/2016, at 25 ("[The revocation court will] award the time credit that [revocation counsel] outline[d] in his memo."). Nevertheless, this was not the result achieved.

To begin, the time-credit memorandum authored by Appellant's counsel reflects that counsel made a significant mathematical error when calculating the number of days Appellant spent incarcerated between 2012 and 2015. This calculation later was relied upon by the revocation court. Specifically, in the memorandum, Appellant's counsel claimed Appellant spent 471 days incarcerated from 2012 to 2015. *See* Time-Credit Memorandum, at 2. However, according to the time-credit memorandum, the total number of days Appellant spent incarcerated prior to his 2016 resentencing hearing was 814 (638 between 2012 and 2015 and 176 between February 4, 2016 and the resentencing hearing).

The next error occurred when the revocation court added the number of days incarcerated between 2012 and 2015 to the number of days Appellant spent incarcerated between February 4, 2016 and the resentencing hearing. In the time-credit memorandum, Appellant requested time credit for "471 days **plus** time since 2/4/2016." Time-Credit Memorandum at 2 (emphasis added). The revocation court explicitly stated it was giving Appellant his requested credit for the time served between February 4, 2016 and the resentencing hearing, but when referencing the total time credit it was awarding Appellant, the revocation court stated it was giving Appellant credit for 471 days, omitting the 176 days he was incarcerated from February 4, 2016 onwards. N.T., 7/29/2016, at 25. **See also** VSS/VCSO at 1.

Additionally, Appellant requested time credit for the period between April 1, 2014, and **August** 13, 2014, but, without acknowledging the discrepancy, the court listed April 1, 2014, to **April** 13, 2014, on the record, a difference of 122 days. **See** N.T., 7/29/2016, at 25.

Finally, further complicating matters, the revocation court listed specific dates on the record for which it intended to give Appellant credit, but those dates totaled 692 days, which obviously conflicts with the 471 days the court actually awarded him and the 814 days to which it appears Appellant is entitled. **Compare** N.T., 7/29/2016, at 25 **with** VSS/VCSO at 1 and Time-Credit Memorandum at 2.

If the dates set forth in counsel's time-credit memorandum are correct, pursuant to *Johnson*, Appellant should have received time credit for the 814 days he spent incarcerated prior to the resentencing hearing, because the record does not reflect that he had ever received credit for that time in the past. *See Johnson*, 967 A.2d at 1005-06. If Appellant's sentence failed to incorporate all of the time to which he is entitled pursuant to section 9760(1), his sentence would be illegal.[1] Accordingly, we vacate the judgment of sentence at counts one and two of docket number 2737-2011. Upon remand, the revocation court should determine exactly how many days Appellant spent incarcerated for counts one and two of docket number 2737-2011 prior to the July 29, 2016 resentencing hearing, and award appropriate time credit upon resentencing.

**Docket Number 5606-2011**

At docket number 5606-2011 (count one), the revocation court revoked Appellant's probation previously imposed as a split sentence of incarceration and probation and resentenced Appellant to two-and-one-half

---

[1] We reject Appellant's alternative argument that his sentence at docket number 2737-2011 is illegal because it purportedly exceeds the five-year maximum sentence for terroristic threats at each count. Appellant argues that 814 days of time credit should be added to the three-year maximum term he received, which would then exceed the five-year statutory maximum sentence. The cases to which Appellant cites as support for this approach, *Commonwealth v. Williams*, 662 A.2d 658 (Pa. Super. 1995) and *Commonwealth v. Bowser*, 783 A.2d 348 (Pa. Super. 2001), are inapplicable as both involve split sentences, which are treated differently than the straight sentence of probation at issue here.

to five years of incarceration. VSS/VCSO, 7/29/2016. During the sentencing hearing, the revocation court stated that it was terminating the parole portion of Appellant's sentence as of February 4, 2016, notwithstanding 62 days remaining on his parole. N.T., 7/29/2016, at 26-27. Accordingly, because his parole ended on February 4, 2016, the revocation court also indicated that it was awarding Appellant credit on the probationary tail of the split sentence for the time spent incarcerated on the probation detainer since February 4, 2016. *Id.* It declined, however, to award Appellant credit for any other period of incarceration, stating that all previously-served time was credited already towards the parole portion of the sentence. *Id.* at 23-27.

Had the revocation court handled this as it indicated on the record it was going to do, this approach would have been correct under section 9760. However, the revocation court did not credit Appellant for any time in its sentencing order. *See* VSS/VCSO, 7/29/2016. Since the revocation court terminated the parole portion of the split sentence as of the date of Appellant's incarceration on the detainer, leaving Appellant to be incarcerated prior to resentencing on a probation detainer only, we conclude that the revocation court erred by failing to credit Appellant with the 176 days he spent incarcerated on the probation detainer. *See Johnson*, 967 A.2d at 1005-06. Therefore, we also vacate Appellant's judgment of

sentence on docket number 5606-2011, and remand for resentencing that accounts for this time credit.

**Conclusion**

In light of the foregoing, we vacate Appellant's sentences at counts one and two of docket number 2737-2011 and remand, first, for the revocation court to determine the proper time credit pursuant to 42 Pa.C.S. § 9760(1), and, second, for resentencing. We also vacate his sentence at count one of docket number 5606-2011, and remand for resentencing to incorporate credit for time Appellant spent incarcerated on a probation detainer prior to resentencing on the probationary tail of his split sentence. We affirm his judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part. Remand for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017