J-A20045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID THOMAS WEST | : | |
| | : | |
| Appellant | : | No. 292 WDA 2021 |

Appeal from the PCRA Order Entered January 27, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000219-2017

BEFORE:    PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED: OCTOBER 20, 2021**

David Thomas West (Appellant) appeals *pro se* from the order entered in the Washington County Court of Common Pleas, which denied his "Motion for Time Credit and Corrected Commitment."  The court treated this motion as a Post Conviction Relief Act[1] (PCRA) petition and found that because Appellant was requesting the same sentencing credit that had previously been applied to another trial docket, no relief was due.  We affirm.

On March 28, 2017, at the instant trial docket, CP-63-CR-0000219-2017 (219-2017), Appellant pleaded guilty to one count each of access device fraud

_____

[1] 42 Pa.C.S. §§ 9541-9546.

and identity theft.[2]  On the same day, the parties stipulated, and the probation officer testified, that Appellant violated the terms of his probation at three additional trial dockets: CR-0465-2016; CR-0478-2016; and CR-0482-2016.[3]  Order, 3/30/17, at 1.[4]

On July 6, 2017, at the instant 219-2017 docket, the trial court imposed two concurrent state intermediate punishment sentences of 24 months.  Order, 7/13/17, at 2 (unpaginated).  In the same sentencing order, the court also imposed violation-of-probation (VOP) sentences on his three other dockets, noting that parole or probation in each had previously been revoked. *Id.* at 2-3.

One year and eight months later, on March 29, 2019, the trial court revoked Appellant's state intermediate punishment at Docket 219-2017.  It imposed the following new VOP sentences: (1) for identity theft, six to 23

---

[2] 18 Pa.C.S. §§ 4106(a)(1), 4120(a).  These charges arose from Appellant's use of another's credit card to make charges totaling $701.16 at Walmart and Kwik Fill.

[3] The full Court of Common Pleas dockets of these dockets are not apparent in the record.

[4] The orders cited throughout this memorandum often state one date in the text (reflecting the date of the corresponding proceeding), but are stamped as "filed" and/or entered on the trial docket with slightly later dates.  For ease of future review, our citations of the trial court's orders will utilize the **trial docket date**.  Additionally, we note the certified record does not include any notes of testimony.

months' imprisonment; and (2) for access device fraud, a consecutive term of 36 months' probation. Order, 4/3/19, at 1-2 (unpaginated). The court also imposed new VOP sentences at Dockets 482-2016 and 465-2016.[5]

On May 8, 2019, Appellant filed a *pro se* "Motion for Time Credit and Corrected Commitment," which listed the instant trial docket as well as the above referenced dockets. He requested, *inter alia*, 712 days of sentencing credit to be applied "toward probationary sentences." **See** Appellant's Motion for Time Credit 7 Corrected Commitment, 5/8/19, at 1 (unpaginated).

On July 16, 2019, the trial court issued an ordering, explaining that on March 29th, it had

> issued a sentence that [was] a blend of total confinement, partial confinement and supervised release. The sentencing order shows a clear intent that the sentence rendered at [Docket 219-2017] was to be effective as of the date of re-sentencing[, and that Appellant] serve an additional three (3) months of total confinement before he was eligible for work release.

Memo. & Order, 7/16/19, at 1 (unpaginated). The court granted Appellant's "request for time to be credited against his probationary sentences" and accordingly directed that 712 days be credited toward his sentence at **Docket 482-2016**. *Id.* at 2. The court specified, "[This] credit for time served shall

---

[5] The trial court did not impose any new penalty at Docket 478-2016, but ordered the supervision in this matter to run concurrently with the new supervision imposed. Order, 4/3/19, at 2.

not be applied to any other docket number at which [Appellant] is the Defendant." *Id.*

Subsequently, on April 30, 2020, the trial court again revoked Appellant's probation at Docket 219-2017.[6] The court directed that: (1) for identity theft, Appellant "shall be remanded to the Washington County Correctional Facility to serve the balance of his maximum sentence, with credit for time served of 122 days;" and (2) for access device fraud, his term of three years' probation shall be reinstated. Order, 5/4/20, a 2 (unpaginated).

On July 15, 2020, Appellant filed another *pro se* "Motion for Time Credit and Corrected Commitment," requesting sentencing credit for 712 days to be applied to his sentence at the instant matter, Docket 219-2017. Appellant wished "to close out Count 2 . . . and go toward probationary period in Count 1." Appellant's Motion for Time Credit and Corrected Commitment, 7/15/20, at 1-2 (unpaginated). He acknowledged the trial court "had previously granted time." *Id.* at 2. Appellant filed a second petition on July 30th, essentially presenting the same arguments. We note that the periods of incarceration requested were identical to the time previously applied by the trial court to Docket 482-2016.

---

[6] The basis for the revocation was Appellant's guilty plea, entered that same day, to a new charge of driving while operating privilege is suspended or revoked/DUI related/third offense, 75 Pa.C.S. § 1543(b)(1)(iii). Order, 5/4/20, at 1.

The trial court construed Appellant's two petitions together as requests for relief under the PCRA, and appointed Corrie Woods, Esquire, to represent Appellant. Order, 9/8/20. Attorney Woods subsequently filed a **Turner**/**Finley**[7] motion to withdraw from representation, and accompanying "no merit" letter. On December 29th, the trial court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. In a detailed opinion, the court explained, *inter alia*, that application of the requested sentencing credit would "close" Appellant's instant case, at Docket 219-2017. Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907(a), 12/29/20, at 6. The court reasoned, however, that the same credit was previously applied, upon Appellant's motion, to the sentence at Docket 482-2016, and his present request would result in improper "duplicate credit." **Id.** at 9. The court also granted counsel's permission to withdraw. **Id.** at 10. Appellant did not file a response.

On January 27, 2021, the trial court entered the underlying order denying Appellant's PCRA petition. Appellant filed a timely *pro se* notice of appeal, and subsequently complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

_____

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's *pro se* brief fails to set forth a statement of questions involved, *see* Pa.R.A.P. 2116 (a), and his entire brief is comprised of five sentences.[8]  His sole argument is that he has "lost all time served that was previously awarded by [the trial court].  This time in question was originally served incarcerated or in in-patient rehab in accordance to sanctions imposed on [Docket] 219-2017."  Appellant's Brief at 1-2.  We conclude no relief is due.

In reviewing the denial of PCRA relief, "we determine whether the ruling of the PCRA court is supported by the record and is free of legal error."  **Commonwealth v. Webb**, 236 A.3d 1170, 1176 (Pa. Super. 2020).  This Court has stated:

> Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing, giving due consideration "to the time spent serving the order of probation."  42 Pa.C.S. § 9771(b).  As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal.  . . .
>
> . . . This Court also held in **Commonwealth v. Bowser**, . . .783 A.2d 348 (Pa. Super. 2001), that a defendant is not entitled to credit for time served following revocation of probation if the new sentence of incarceration does not reach the statutory maximum.

---

[8] Appellant also attaches, amid his exhibits to his brief, a document he titles "Non PCRA Brief," which summarizes his multiple periods of incarceration and includes the following one-sentence argument, "Appellant was not awarded his time spent incarcerated for the (SIP) State Intermediate Punishment Program or while waiting to be resentenced."  Appellant's Non PCRA Brief at 1-4.

*Commonwealth v. Crump*, 995 A.2d 1280, 1285 (Pa. Super. 2010) (some

citations omitted).

Furthermore, the Commonwealth Court[9] has

"consistently held that . . . double credit for time served is neither contemplated, nor authorized, by Section 9760 [of the Sentencing Code.]" "The operative rule . . . is that a defendant should receive credit only once for time served before sentencing."

*Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 314-15 (Pa. Cmwlth. 2019)

(citations and footnote omitted), *citing* 42 Pa.C.S. § 9760 ("Credit for time

served.").

Appellant's brief fails to address the trial court's discussion that the

sentencing credit has already been applied — upon his own request — to

Docket 482-2016. **See Foxe**, 214 A.3d at 314-15. Thus, Appellant's claim,

that he has been denied this sentencing credit, is mistaken and meritless.

That Appellant's multiple VOPs have now altered his overall sentencing

scheme, causing him to desire a more favorable outcome, is not a basis for

awarding the requested credit. As we agree with the trial court's reasoning,

we do not disturb the order denying relief. **See Webb**, 236 A.3d at 1176.

Order affirmed.

---

[9] While "[t]his Court is not bound by the decisions of the Commonwealth Court[,] such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." *Commonwealth v. Hunt*, 220 A.3d 582, 590 n.6 (Pa. Super. 2019) (citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  <u>10/20/2021</u>