J-A18032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH MICHAEL KOCOTT SR. | : | |
| | : | |
| Appellant | : | No. 303 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 9, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009097-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH MICHAEL KOCOTT SR. | : | |
| | : | |
| Appellant | : | No. 304 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 9, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000840-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH MICHAEL KOCOTT, SR. | : | |
| | : | |
| Appellant | : | No. 305 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 9, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000838-2014

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: SEPTEMBER 24, 2024**

In these consolidated appeals, Joseph Michael Kocott, Sr. ("Appellant") challenges the trial court's computation of the award of time credit in this probation violation case. After careful review, we vacate Appellant's sentence and remand to the trial court for resentencing in accordance with the reasoning set forth below.

As the sole issue on appeal relates to the award of time credit, and the facts of his cases are known to the parties, the facts are not germane to our discussion and not repeated here. Procedurally, we note that on March 2, 2016, Appellant entered *nolo contendere* pleas on three criminal dockets to an aggregate total of three counts of theft by deception, two counts of receiving stolen property, and one count of criminal conspiracy.[1] The court imposed concurrent aggregate sentences of 1 to 2 years of incarceration, followed by 3 years of probation, on all three dockets. Appellant was also ordered to pay a total of $907,125.00 in restitution as a condition of his probation.

Appellant was paroled in September 2016, and began making payments of $100.00 per month toward his restitution obligations. After the victims complained that the payments were too low, the trial court conducted a probation revocation hearing. Thereafter, the trial court found that Appellant had willfully withheld information about his true financial status, under-

---

[1] 18 Pa.C.S. §§ 3922(a)(1), 3925(a), and 903(a)(1), respectively.

reporting his earnings and financial resources. The court then revoked Appellant's probation and resentenced him at each docket to concurrent terms of three more years of probation. Sentencing Order, 9/10/20. This judgment of sentence was affirmed by our Court. *Commonwealth v. Kocott*, 277 A.3d 1122 (Pa. Super. 2022) (unpublished memorandum). Appellant did not seek additional review in the Pennsylvania Supreme Court.

Appellant had continued difficulties making restitution payments, and the court conducted multiple review hearings regarding his financial situation. In May of 2021, Appellant's probation was revoked, and he was resentenced to concurrent aggregate terms of 6 to 12 months of incarceration followed by 2 years of probation. Sentencing Order, 5/10/21. This sentence was also affirmed by our Court. *Commonwealth v. Kocott*, 277 A.3d 1122 (Pa. Super. 2022) (unpublished memorandum).[2] Appellant was granted parole on October 14, 2021. On June 27, 2022, the trial court conducted a hearing on the restitution issue and took no action on any probation violations. Order, 6/27/22.

On October 25, 2022, the trial court again revoked Appellant's probation due to his failure to make restitution payments in accordance with the court-

---

[2] Appellant's appeals are discussed in two different memoranda listed in the table at 277 A.3d 1122 (Pa. Super. 2022). The appeal challenging Appellant's judgment of sentence is listed at *Commonwealth v. Kocott*, 2022 WL 1024146 (Pa. Super. filed Apr. 6, 2022). The appeal challenging the dollar amount imposed for Appellant's monthly restitution payments can be found at *Commonwealth v. Kocott*, 2022 WL 1024142 (Pa. Super. filed Apr. 6, 2022).

ordered payment schedule. After a hearing, the court imposed an aggregate sentence of 3½ to 7 years of incarceration on each docket, to be served concurrently. The court also awarded Appellant 28 days of time credit. After Appellant challenged his sentence via a post-sentence motion, the court vacated this sentence. Order, 11/15/22. Appellant was then resentenced at each docket on February 9, 2023, to an aggregate term of 2 to 4 years of incarceration followed by 3 years of probation, the sentences he now challenges in this appeal. Appellant was given 135 days of credit for time served.

Appellant timely filed a notice of appeal at each docket from his revocation sentences on March 13, 2023.[3] The appeals were then consolidated *sua sponte* by this Court on March 20, 2023. He further filed a timely statement of errors on March 29, 2023. The trial court issued its opinion in this matter on January 29, 2024.

On appeal, Appellant asserts that he received an illegal sentence when the trial court failed to award credit against his sentence of incarceration for the entire period he has been imprisoned pursuant to his three cases. The trial court responded to Appellant's claim in its Pa.R.A.P. 1925(a) opinion, stating: "The court does not agree that prior time spent incarcerated for his

---

[3] The 30th day after Appellant's resentencing was Saturday, March 11, 2023. Thus, the Notices of Appeal filed March 13, 2023, are timely filed. *See* 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on a weekend or holiday, such day shall be omitted from timeliness computation).

prior violations could be credited toward the sentence for the present violation. Otherwise, it would be double credit." Trial Court Opinion, 1/9/24, at 4.

A reviewing court's "scope of review on appeal from the judgment of sentence imposed following a probation revocation is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence." ***Commonwealth v. Williams***, 662 A.2d 658, 659 (Pa. Super. 1995) (citation and internal quotation marks omitted). A claim that the trial court failed to award full credit for time served implicates the legality of Appellant's sentence. ***Commonwealth v. Dixon***, 161 A.3d 949, 951 (Pa. Super. 2017). A challenge to the legality of sentence presents a question of law for which our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Renninger***, 269 A.3d 548, 567 (Pa. Super. 2022). "An illegal sentence must be vacated." ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013). Notably, Appellant's convictions are all felonies of the third degree, each of which has a maximum sentence of seven years. 18 Pa.C.S. § 1103(3).

Subsequent to the revocation of probation, a re-sentencing court has available all the options permissible at the time of initial sentencing, giving due consideration "to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Nonetheless, a sentencing court cannot impose a new split sentence of incarceration and probation where the period of incarceration and period of probation together exceed the statutory maximum. ***Commonwealth v. Perkins***, 448 A.2d 70, 72 (Pa. Super. 1982);

- 5 -

*Commonwealth v. Crump*, 995 A.2d 1280, 1283-84 (Pa. Super. 2010). As long as the new sentence does not exceed the statutory maximum when factoring in the time the defendant has already served, the sentence will not be deemed illegal. *Williams*, *supra*; *see also Commonwealth v. Yakell*, 876 A.2d 1040, 1043 (Pa. Super. 2005) (noting that a sentence is legal if, when adding the total aggregate sentence imposed following a probation violation to the original sentence imposed, the sentence does not exceed the lawful maximum)*.*

Here, Appellant received three concurrent terms of imprisonment on his three cases following the revocation of probation. In each case, he was convicted of a third-degree felony. In each case, he was sentenced to serve 2 to 4 years of incarceration followed by 3 years of probation. Appellant was sentenced to a term which encompasses a total of 7 years. Thus, his cumulative sentence represents the maximum possible term for a third-degree felony. *Perkins*, *supra*.

Since Appellant has received a maximum sentence, if he were to be denied credit for the time he has already served on these convictions, he would be serving a sentence greater than the lawful maximum. This case is analogous to *Williams*, *supra*. There, Williams had entered a guilty plea to one count of theft by unlawful taking, a third-degree felony, and was initially sentenced to serve a term of 11½ to 23 months of imprisonment followed by a consecutive term of 3 years of probation. *Williams*, 662 A.2d at 658. Williams served the minimum sentence and was paroled, but he subsequently

committed new crimes. *Id.* The court revoked Williams' parole and he served the remainder of his 23-month sentence. *Id.* Thereafter, Williams began serving the probation portion of his sentence. *Id.*

After Williams was convicted of another criminal offense, his probation was revoked and he was re-sentenced to a term of 3½ to 7 years of incarceration, the maximum permitted for a third-degree felony conviction. *Id.* Williams was not credited at resentencing with the 23 months of time he had already served, and, accordingly, he filed an appeal. *Id.* at 659. This Court ruled that he was entitled to be credited with the time he had already served on his convictions, explaining:

> [I]f [the] appellant is not credited with the 23 months already served, his sentence for attempted theft by unlawful taking would be 65 months (or 5 years and 5 months) to 107 months (or 8 years and 11 months). Clearly, this sentence is illegal. *See* 18 Pa.C.S. § 1103(3). Therefore, [the] appellant must be credited with the 23 months already served.

*Id.* (some formatting altered).

Another commonly cited time credit case, ***Commonwealth v. Bowser***, 783 A.2d 348 (Pa. Super. 2001), also supports the grant of credit to Appellant. In ***Bowser***, Bowser entered a guilty plea to one count of receiving stolen property, a felony of the third degree, and was sentenced to a term of 6 to 23 months of incarceration, followed by 3 years of probation. *Id.* at 349. Bowser was paroled forthwith, as he had served 11 months and 19 days in pretrial custody. *Id.* When Bowser was convicted of new charges, his probation was revoked, and he was sentenced to a new term of 1 to 3 years of imprisonment.

*Id.* The court denied Bowser's request to be awarded credit for the 11 months and 19 days he had spent in custody. *Id.*

On review, the denial of time credit was affirmed. *Id.* This Court explained:

> [The a]ppellant received one sentence with two components: a maximum of 23 months['] incarceration and a consecutive 36-month term of probation. He received credit on the former for time spent in jail, and was paroled. … Having received credit for the time in jail on the first component of the sentence, [the ]appellant did not spend the last half of the 23 months incarcerative portion of the sentence in jail. Probation began after that credit. Credit has been given once; had no credit been given, he would not have been paroled in August 1994, and his probation would not have begun for some months thereafter. We see no reason to award duplicate credit in the second component of the sentence.

*Id.* at 350. The Court noted that *Williams*, *supra*, was distinguishable because Williams, unlike Bowser, had received the maximum sentence permitted. *Id.* The *Bowser* Court stated: "to avoid it being an illegal sentence, the appellant [in *Williams*] had to receive credit for time previously served for the same crime." *Id.*

In the case at bar, Appellant has likewise received a sentence which is the equivalent of the maximum term permitted by statute. *Perkins*, *supra*. Moreover, Appellant has been incarcerated on these cases in the past. Thus, he must receive full credit for the time he spent incarcerated. Like the defendant in *Williams*, if credit time were not awarded to Appellant, he would be serving an illegal sentence. *Williams*, *supra*. We therefore remand this matter for a new sentencing hearing so that the trial court can award Appellant

- 8 -

the appropriate amount of time credit. As the amount of Appellant's past incarceration is unclear based upon the record before us, the trial court must in the first instance determine and apply credit to the balance of Appellant's sentence for all the time he has been incarcerated on these cases. We therefore vacate Appellant's judgment of sentence and remand for a new sentencing hearing at which the time credit issue can be resolved.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/24/2024