J-S51012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JESSE WILLIS KNIGHT, IV | : | |
| | : | |
| Appellant | : | No. 550 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 28, 2019
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000052-2013

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.: **FILED DECEMBER 05, 2019**

Jesse Willis Knight appeals from the judgment of sentence entered in the Adams County Court of Common Pleas on February 28, 2019, following resentencing after a successful petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA"). Additionally, Knight's court appointed counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel permission to withdraw.

On March 18, 2013, Knight entered a negotiated guilty plea to Count 1 – possession with intent to deliver ("PWID") and Count 2 – criminal conspiracy to deliver a controlled substance. On April 18, 2013, the court sentenced him,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

pursuant to the negotiated plea agreement, to concurrent sentences of thirty-six months in the Intermediate Punishment Program ("IPP") for each count ("the original sentence"). The sentencing guideline form indicated that the statutory maximum sentence for each count was sixty months' imprisonment.

After a revocation hearing, the court found that Knight had violated the conditions of the IPP by making a threatening phone call to his father-in-law and by bringing contraband into the prison. The court revoked his IPP sentence and, on January 16, 2014, Knight was resentenced to concurrent sentences of ten to twenty-three months and twenty-nine days' incarceration with a concurrent term of thirty-six months' probation ("the VOIPP sentence").[2]

On August 3, 2015, the court found that Knight had successfully completed his parole, and therefore terminated his parole. Knight continued to serve the probation portion of his sentence.

In the meantime, Knight was charged with possession of marijuana and imprisoned pending a **_Gagnon_** hearing.[3] On February 22, 2016, he was

_____

[2] The first VOP sentence was made retroactive to May 17, 2013 due to the fact he had been detained on the violation since that date.

[3] Referencing **_Gagnon v. Scarpelli_**, 411 U.S. 778 (1973). "When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **_Gagnon I_** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a **_Gagnon II_** hearing, is required before a final revocation decision can be made." **_Commonwealth v. Ferguson_**, 761 A.2d 613, 617 (Pa. Super. 2000).

resentenced on Count 2 to one-hundred and twenty-four to two-hundred and forty-eight days' partial confinement, which maxed out with credit for time served of 248 days.[4] On Count 1, he was resentenced to thirty-six months' probation and immediately released ("the first VOP sentence").

On July 31, 2017, Knight was detained pending a **Gagnon** hearing on allegations that he had been charged with possession of controlled substance in Philadelphia. His probation was revoked and, on January 29, 2018, he was resentenced on Count 1 to six to twelve months' partial confinement plus a consecutive twenty-four months' probation ("the second VOP sentence"). The sentencing order included credit for time served of 212 days.

Soon thereafter, Knight was charged with several summary violations of the vehicle code, and, in an unrelated incident, testing positive for cocaine. His probation was revoked, and, on June 25, 2018, the court recommitted him for the unexpired balance of five months plus one day, gave him forty-eight days credit for time served, and terminated his parole. On the probation portion of his sentence, the court resentenced him to fifteen to thirty months' incarceration ("the third VOP sentence"). In doing so, the court noted that this was his fourth revocation case since 2013, and that it appeared all local rehabilitative efforts had been exhausted.

---

[4] Knight had been detained for the violation of probation since June or July of 2015.

On December 18, 2018, Knight filed a PCRA petition arguing his new sentence was illegal because it was greater than the lawful maximum. The petition was granted and the June 25, 2018 sentence was vacated after all parties agreed Knight was entitled to relief. On February 28, 2019, the trial court resentenced him on Count 1 to one to two years' incarceration ("the post-PCRA sentence"). The sentencing order included credit for time served of 248 days.[5]

On March 7, 2019, Knight filed a post sentence motion arguing he was entitled to additional credit for time served. Specifically, Knight contended that since his sentences had been run concurrent prior to the first VOP sentence, the 248 day time credit he received on his first VOP sentence for Count 2, for time spent on a detainer after the violation occurred, but prior to resentencing, should additionally be applied as a credit to his sentence on Count 1. The court denied the motion. This timely appeal followed.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel

---

[5] This time credit was for time served on the fourth VOP sentence from the date it was entered on June 25, 2018 until the date the post-PCRA sentence was entered on February 28, 2019. Although this time credit is for the same *amount* of time as the time credit at issue in the instant appeal – 248 days – it is a separate time credit not at issue here.

or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

An *Anders* brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"[I]f counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

Counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Knight's appeal is frivolous. Further, counsel attached to his petition a copy of his letter to Knight, advising that he may retain new

counsel, raise additional issues *pro se*, or discontinue his appeal.[6] Counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Knight, and his assessment of why those issues are meritless, with citations to relevant legal authority.

Counsel has thus complied with the requirements of **Anders** and **Santiago**. Knight has not filed a response. We may proceed to review the issues outlined in the **Anders** brief.

Counsel notes that Knight asserts he is due credit on the post-PCRA sentence for Count 1. Specifically, he contends that since he was detained pending a **Gagnon** hearing for violating the two concurrent VOIPP sentences, he should have received credit on the sentences at each Count.

A claim that a court failed to provide credit for time spent imprisoned on a detainer implicates the legality of the sentence. **See Commonwealth v. Gibbs**, 181 A.3d 1165, 1166-67 (Pa. Super. 2018). Our scope of review of this claim is plenary and we review the trial court's ruling *de novo*. **See id**.

Our review of a sentence imposed following the revocation of probation is limited to "determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." 42 Pa.C.S.A. §

---

[6] Counsel's petition does not contain verification that he served the petition on Appellant. However, the petition and counsel's letter to Knight are contained as exhibits in counsel's **Anders** brief, which does contain proof of service on Knight.

9771(b). *See* also *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000). "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 888 (Pa. Super. 2008) (citations omitted).

The imposition of an original sentence which consists solely of a term of probation has been held to be a conditional sentence, which merely defers sentencing the defendant to a fixed term of confinement until such time as the defendant violates the conditions of his probation. *See Commonwealth v. Pierce*, 441 A.2d 1218, 1220 n.6 (Pa. 1982).

Consistent with the understanding that probation is by nature a conditional sentence, our Sentencing Code provides, "[u]pon revocation [of probation] the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S.A. § 9771(b). We have similarly concluded that an appellant, "having violated the conditions of his probation was placed in the same position that he was in at the time of his original conviction." *Pierce*, 441 A.2d at 1220.

Since Knight was found to have committed a new crime when the first VOP sentence was imposed, the court was limited only by the maximum sentence it could have imposed when it initially sentenced him on Count 1. *See Commonwealth v. Colon*, 102 A.3d 1033, 1044 (Pa. Super. 2014).

Therefore, the vacated sentence did not limit the sentencing court, since he was returned to the same position he was in at the time of his original sentencing.

At the time of Knight's original conviction, the sentencing court could have imposed a term of total confinement of up to five years on each count, *see* 35 P.S. § 780-113(f)(2), and run the sentences consecutively. ***See Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014). However, the sentencing court instead imposed concurrent sentences of thirty-six months' IPP.

At the time of Knight's VOIPP hearing, the sentencing court possessed the same sentencing alternatives that it had at the time of the initial sentencing, i.e. up to five years per count, and the discretion to run each sentence either concurrently or consecutively. ***See*** 42 Pa.C.S.A. § 9773. The VOIPP sentence, in effect, limited the term of Knight's total confinement to a term of ten to twenty-three months and twenty-nine days on the condition that he successfully complete a consecutive thirty-six month probationary term. As noted previously, Knight did not satisfy this condition.

At the time of Knight's first VOP hearing, the sentencing court again possessed the same sentencing alternatives that it had at the time of the initial sentencing. This time, the court sentenced Knight to thirty-six months' probation for count 1 and one-hundred and twenty-four to two-hundred and forty-eight days of partial confinement for count 2. Since the court was not

limited by the prior sentence, the court had the authority to sentence Knight to thirty-six months of probation for Count 1 even though his prior sentence for Count 1 had been a split sentence of incarceration plus a probationary tail.

Further, in imposing the second VOP sentence, the court considered that Knight had acquired a credit of 248 days from being detained on the violation prior to the resentencing. The court applied this credit only to the sentence of total confinement for Count 2. No credit was awarded for the sentence of probation imposed pursuant to Count 1.

We agree with counsel that the court was not required to duplicate Knight's credit at each Count. *See*, *e.g.*, *Commonwealth v. Bowser*, 783 A.2d 348, 350 (Pa. Super. 2001). So long as Knight received credit for the time he was imprisoned pursuant to the detainer, we cannot conclude the court committed an error of law.

Having reviewed the issue raised in counsel's *Anders* brief, we agree with counsel for Knight that the within appeal is wholly frivolous.[7] As such, we affirm the judgment of sentence and grant counsel's motion to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

---

[7] Further, we note that our independent review of the record did not reveal any additional, non-frivolous issues overlooked by counsel.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/05/2019</u>