J-S34027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LESTER EMANUEL BALDWIN | : | |
| | : | |
| Appellant | : | No. 278 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 30, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000813-2015

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:　　　**FILED: FEBRUARY 7, 2022**

Lester Emanuel Baldwin appeals the judgment of sentence entered following his revocation of probation. Baldwin's counsel has filed a Petition to Withdraw and **Anders**[1] brief, to which Baldwin has not responded. We affirm the judgment of sentence and grant counsel's Petition.

Baldwin pled guilty in December 2017 to one count of Delivery of a Controlled Substance.[2] The trial court sentenced him to imprisonment for time-served—963 days—followed by 10 years of probation.[3]

---

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] **See** 35 P.S. § 780-113(a)(30).

[3] The court initially sentenced Baldwin to time-served to 24 months minus one day of imprisonment followed by 10 years of probation, but issued an amended sentence not two weeks later, upon realization that Baldwin's imprisonment had already exceeded 24 months.

The court revoked Baldwin's probation in February 2019 after Baldwin stipulated that he had violated the terms of his probation by committing a new criminal offense, Conspiracy to Commit Robbery, for which he was thereafter convicted. After reviewing a pre-sentence investigation report, the court resentenced Baldwin on December 30, 2019, to 24 to 48 months' confinement, followed by two years' probation. The court ordered that his sentence run consecutive to his Conspiracy sentence, for which it imposed a sentence of 21 to 48 months' confinement followed by two years' probation, under a different docket number.

Baldwin filed a *pro se* notice of appeal, and the court appointed counsel.[4] Baldwin also filed a *pro se* Petition for Credit for Time Spent in Custody, after which the court issued an order clarifying Baldwin's credit. The court ordered Baldwin be given 476 days' credit against his sentence for the time he spent in confinement awaiting his resentencing. The court ordered Baldwin to file a Rule 1925(b) statement, and counsel filed one on Baldwin's behalf:

1. Whether the sentence imposed by the Honorable Trial Court was harsh, excessive, and an abuse of discretion in light of the Sentencing Guidelines and under the facts and circumstances of the case.

2. Whether the Court failed to articulate sufficient reasons for the sentence imposed[.]

3. Whether the Court abuse[d] its discretion by imposing consecutive sentences in the above-captioned matter[.]

---

[4] After remand from this Court, the trial court allowed counsel to withdraw and appointed new counsel.

4. Whether the sentence imposed as a violation of probation, in conjunction with the previously imposed time-served sentence, violated [Baldwin's] constitutional rights, and was otherwise illegal, unreasonable and beyond the guidelines for the offense for which [Baldwin] was convicted[.]

5. Whether [Baldwin] was granted all time credit to which he was entitle toward his sentence for all time spent in custody under 15-CR-813[.]

Statement of Errors Complained of on Appeal, 11/6/20, at 1.

Despite having filed a Rule 1925(b) statement, Baldwin's counsel thereafter filed a Petition to Withdraw and an **Anders** brief. **But see** Pa.R.A.P. 1925(c)(4) (permitting filing of statement of intent to file **Anders** brief). Before addressing any substantive issue, we must first assess the request to withdraw for compliance with certain procedural requirements. Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, counsel must: (1) petition the court for leave to withdraw, stating that after a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues in the record of arguable merit; and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. **See Commonwealth v. Cox**, 231 A.3d 1011, 1014-15 (Pa.Super. 2020); **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1195-96 (Pa.Super. 2018) (*en banc*) (reviewing requirements for withdrawal under **Anders**).

Counsel has met these requirements. Counsel has petitioned to withdraw, stating that she conducted a conscientious examination of the record and determined that the appeal is wholly frivolous. *See Anders* Br. at 8-9.[5] Counsel summarizes the history of the case and states she reviewed the record and corresponded with Baldwin regarding what issues he believed had merit. *See id.* at 5-8. She discusses her reasons for finding those issues wholly frivolous. *Id.* at 12-22. Counsel has attached to her *Anders* brief a copy of a letter she sent to Baldwin advising him of his right to present arguments to this Court. Counsel's letter also informed Baldwin that this Court will review the *Anders* brief, any supplemental brief from Baldwin, and conduct its own review of the record. *See* Letter, dated 9/1/21, at 1-2. Counsel has satisfied the procedural requirements for withdrawal, and we turn to our own review of the record.

As noted in the *Anders* brief and the trial court's Rule 1925(a) opinion, Baldwin has not preserved his discretionary sentencing issues, as he did not raise them either at sentencing or in a post-sentence motion. He therefore waived them, and they are frivolous for purposes of this appeal. Pa.R.A.P. 302(a); Pa.R.Crim.P. 708(E) and comment.

---

[5] Counsel states that she "has ultimately determined that this appeal is wholly frivolous as there are no meritorious issues to be raised." *Anders* Br. at 9. Counsel's statement on its face appears to conflate meritlessness with frivolousness. The two are not the same. In context, however, we are satisfied that counsel concluded that the issues are frivolous, and this is a case of inartful draftsmanship.

Furthermore, we agree with counsel that the discretionary sentencing issues are wholly frivolous, even on their merits.[6] The sentence imposed following the revocation of probation is left to the sound discretion of the trial court. **Commonwealth v. Colon**, 102 A.3d 1033, 1041 (Pa.Super. 2014). In fact, if a revocation sentence is within the statutory limits and "was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation," then that sentence "*is peculiarly within the judge's discretion*." **Commonwealth v. Pasture**, 107 A.3d 21, 28-29 (Pa. 2014) (emphasis added).

Here, the court found that Baldwin "demonstrated no remorse for his repeated violation history, and no intention to abstain from criminal activity. He offered no evidence demonstrating compliance with the terms of his probation." Trial Court Opinion, filed June 8, 2021, at 14 (footnote omitted). The court reviewed the pre-sentence investigation report, "which detailed [Baldwin's] history of non-compliance with the terms and conditions of various probationary sentences, especially new arrests and ongoing assaultive behavior." **Id.** at 14-15. The court concluded Baldwin was not amenable to supervision. **See** N.T., 12/30/19, at 9. Baldwin's instant sentence of 24 to 48

---

[6] Counsel has included a Rule 2119(f) statement relaying that Baldwin believes he has raised a substantial question that his sentence violates the Sentencing Code or fundamental sentencing norms.

months' confinement followed by two years' probation was not an abuse of the court's broad discretion.

Baldwin's assertion that the court failed to state its reasons for the sentence likewise lacks any reasonable basis in fact or law. The court reflected upon Baldwin's criminal history and the fact that he had committed a new offense while on probation. **See id.** Moreover, "the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing." **Pasture**, 107 A.3d at 28.

A challenge to the court's ordering the revocation sentence to run consecutive to the sentence it imposed on Baldwin's new criminal offense fares no better. The court has discretion to run sentences consecutively, and its decision to do so will invoke this court's jurisdiction "in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Moury**, 992 A.2d 162, 171-72 (Pa.Super. 2010). Here, the aggregate maximum confinement between the two sentences is 96 months, or eight years. This does not constitute an abuse of the court's broad discretion, in light of Baldwin's criminal history and new conviction.

We turn to the issues affecting the legality of Baldwin's sentence, which are non-waivable. **Commonwealth v. Starr**, 234 A.3d 755, 764 (Pa.Super.), *appeal denied*, 243 A.3d 724 (Pa. 2020). The claim here is that the court did not give Baldwin credit for the 963 days he spent in custody prior to the imposition of his original sentence. **See** 42 Pa.C.S.A. § 9760 (requiring the

court to award a defendant credit for time spent in custody as the result of the criminal charge for which the sentence is imposed).

We addressed a similar situation in ***Commonwealth v. Bowser***, 783 A.2d 348 (Pa.Super. 2001). In that case, the court initially imposed a sentence of 6 to 23 months' imprisonment and 36 months of probation. ***Id.*** at 349. Having already served 11 months and 19 days, the defendant was immediately released on parole. ***Id.*** Four years later, the court revoked the defendant's probation due to his commission of a new criminal offense, and imposed a sentence of 1 to 3 years' imprisonment. ***Id.*** The defendant requested he receive 11 months and 19 days' credit towards his revocation sentence. ***Id.***

We affirmed the trial court's denial of this request. ***Id.*** at 351. We found that the defendant had completed his previous sentence of imprisonment, through both the application of credit and his time spent on parole, and that awarding him the same credit toward his revocation sentence would be duplicative. ***Id.*** at 350. We clarified that the length of time the defendant served imprisoned on his initial sentence need only be taken into account in order to determine whether the revocation sentence was within the legal maximum. ***Id.***

In view of ***Bowser***, this issue is frivolous. Baldwin served his initial sentence of imprisonment and was resentenced to further imprisonment following the revocation of his probation. The court awarded him credit for the time he spent in custody awaiting his resentencing, and applied it to his new

sentence. Baldwin is not also due credit for the time he spent in custody serving his initial sentence, as this was already applied to his initial sentence. Further, the maximum sentence for the instant offense as a second offense is 30 years. **See** 35 P.S. §§ 780-113(f)(1), 780-115(a). The imprisonment portion of Baldwin's initial sentence—963 days—combined with the maximum imprisonment term on his revocation sentence—48 months—does not approach the legal maximum.

Although his argument is not clear from his Rule 1925(b) statement, the **Anders** brief states Baldwin claims his revocation sentence violates double jeopardy. This assertion is baseless. Pursuant to precedent, the sentence imposed after revocation of probation is a component of the original sentence, and not a second punishment. **See Commonwealth v. Hunter**, 468 A.2d 505, 507 (Pa. 1983) ("[T]he resentence of the defendant is an integral element of the original conditional sentence of probation, not a second punishment for the same offense").

In sum, Baldwin's issues, as relayed by counsel, are wholly frivolous. Baldwin has not submitted a response to counsel's Petition to Withdraw or raised any other issues. Our own review of the record has not revealed any non-frivolous issues. We therefore affirm the judgment of sentence and grant counsel's Petition to Withdraw.

Judgment of sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2022