J-S14039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LYDELL COBBS | : | |
| | : | |
| Appellant | : | No. 559 WDA 2022 |

Appeal from the PCRA Order Entered April 21, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013095-2002,
CP-02-CR-0013096-2002

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              **FILED: JUNE 12, 2023**

Lydell Cobbs (Cobbs) appeals[1] from the PCRA order entered in the Court

of Common Pleas of Allegheny County (PCRA court) denying his motion filed

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Cobbs filed one notice of appeal with this Court listing both docket numbers despite the holding of **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018), that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."  However, Cobbs filed the notice of appeal at both dockets in the trial court.  Therefore, Cobbs complied with **Walker**'s mandate.  **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (declining to quash appeal where the notice of appeal contained multiple docket numbers that appellant filed at each trial court docket).

pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541-9546.[2]  Cobbs

argues that the court erred in denying his motion because the sentence

imposed after the revocation of his probation was illegal where it did not credit

him with time served.  We affirm.

This case has a protracted procedural history and we include only those

pertinent facts we glean from our review of the record.

## I.

## A.

On October 30, 2002, Cobbs was charged at docket number 2002-13095

with two counts of first-degree felony involuntary deviate sexual intercourse

(IDSI) and related charges for criminal conduct involving his six-year-old

daughter.[3]  He was charged at docket number 2002-13096 with one count

---

[2] Cobbs did not title his requests for relief as PCRA petitions.  However, "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Commonwealth v. Fantauzzi**, 275 A.3d 986, 995 (Pa. Super. 2022) (citations omitted).  "[A] petition challenging the legality of a sentence on the grounds that the sentence exceeded the statutory limit [is] 'undoubtedly cognizable under the PCRA' and, therefore, any such petition, regardless of its title [is] to be treated as a PCRA petition." **Id.** (citing **Commonwealth v. Taylor**, 65 A.3d at 467); **see also Commonwealth v. Perry**, 563 A.2d 511, 513 (Pa. Super. 1989) ("[W]hen a petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.").

[3] 18 Pa.C.S. §§ 3123(a)(6), 3126(a)(7), 3127, 4302, 4304 and 6301, respectively.

each of IDSI and related charges for the same criminal action against his ten-year-old sister.[4]

Cobbs pleaded guilty on April 6, 2004, at both docket numbers with the assistance of counsel. Sentencing was deferred for the preparation of a presentence investigation report (PSI) and a Megan's Law evaluation. At the August 5, 2004 sentencing and Megan's Law hearing, the court determined Cobbs was a sexually violent predator (SVP) and sentenced him in case number 2002-13095 on Count One IDSI to a term of not less than five nor more than ten years' imprisonment[5] and a consecutive term of five years of probation, with credit for time served from August 15, 2002, through November 23, 2002. At case number 2002-13096, the court sentenced Cobbs to a concurrent sentence that was identical to the one imposed at case number 2002-13095, *i.e.*, not less than five nor more than ten years' incarceration on Count One IDSI with the same credit for time served, and a consecutive period of five years' probation.

On August 27, 2004, Cobbs filed an appeal challenging his SVP designation and on July 5, 2005, the Superior Court affirmed his judgment of

---

[4] 18 Pa.C.S. §§ 3123(a)(6), 901(a), 3126(a)(7), 4302 and 6301, respectively.

[5] At that time the statutory maximum for the first-degree felony conviction was 20 years. **See** 18 Pa.C.S. § 3123(a)(1); 18 Pa.C.S. § 1103. The statutory maximum sentence for IDSI with a child under 13 years of age was later increased to 40 years. **See** 2002, Dec. 16, P.L. 1953, No. 226, § 1.1 (eff. Feb. 14, 2003).

- 3 -

sentence. The Pennsylvania Supreme Court denied his petition for allowance of appeal on December 21, 2005. (*See Commonwealth v. Cobbs*, 883 A.2d 685 (Pa. Super. filed July 5, 2005) (unpublished memorandum), *appeal denied*, 891 A.2d 729 (Pa. 2005).

**B.**

After serving the ten-year maximum sentence, Cobbs was released on probation to a halfway house. (*See* PCRA Court Opinion, 11/17/2022, at 1). Thereafter, several violation of probation (VOP) hearings were held between May 6, 2013, and December 7, 2015, for violations ranging from engaging in assaultive behavior, failing to cooperate with Justice Related Services and producing an approved housing plan and having a cell phone, contact with minors and smartphone pictures of minors despite his SVP designation.[6]

At the March 7, 2016 VOP hearing, after detailing all Cobbs's violations while he was on probation, the court revoked his probation and sentenced him to a term of incarceration of not less than five nor more than ten years on Count One IDSI at docket number 2002-3095 and a consecutive term of not less than five nor more than ten years on IDSI at Count One of case number 2002-3096. At the hearing, Probation Officer Lynne stated incorrectly that

---

[6] Cobbs had been ordered "to have no contact with minors, follow lifestyle restrictions as they pertain to avoid risk situations, no alcohol and is not to own or possess any device that has access to the Internet per his charge-specific conditions." (N.T. VOP Hearing, 12/07/15, at 3).

Cobbs had reached the statutory maximum on Count 1 IDSI at docket number 2002-3095, and that it should be imposed at Count Two, to which the court responded in the affirmative. (**See id.** at 14-15). However, the VOP sentencing orders reflect that the five-to-ten-year sentences were properly imposed for Count One IDSI at both docket numbers. (**See** VOP Order of Sentence 2002-3095, at 1-2); (VOP Order of Sentence 2002-3096, at 1-2).

On March 23, 2016, Cobbs filed a *pro se* motion to reconsider his VOP sentence in which he challenged its discretionary aspects. (**See** *Pro se* Motion to Reconsider Sentence, 3/23/16, at ¶¶ 1-8). On June 21, 2016, Cobbs filed a *pro se* PCRA petition. Appointed counsel filed an amended petition on February 2, 2017, requesting reinstatement of Cobbs's appellate rights and credit for time served. The Commonwealth agreed that Cobb was entitled to reinstatement of his direct appeal rights on his VOP sentence and to time credit from September 15, 2015, to October 2, 2015. On May 8, 2017, the court reinstated Cobbs's direct appeal rights of his VOP sentence and granted him time credit from September 15, 2015, to October 2, 2015.

## C.

On May 17, 2017, Cobbs filed a motion for reconsideration of the March 7, 2016 VOP sentence that the court denied on June 7, 2017. Cobb filed a notice of appeal, arguing that the court erred in finding that he violated the terms of his probation. This Court affirmed the VOP sentence on June 25, 2018, and the Pennsylvania Supreme Court denied Cobbs's petition for

allowance of appeal. (*See Commonwealth v. Cobbs*, 193 A.3d 1104 (Pa. Super. filed June 25, 2018) (unpublished memorandum), *appeal denied*, 198 A.3d 328 (Pa. 2018).

### D.

On September 9, 2019, Cobbs filed a timely *pro se* PCRA petition arguing that he should have received ten years' credit for time served on the original sentence for Count One IDSI in case number 2002-3095. He maintained that at the VOP hearing, the court stated it was imposing a sentence on Count Two IDSI, but the sentencing sheet reflected the sentence was imposed at Count One. (*See Pro se* PCRA Petition, 9/09/19, at 4 ¶ 6(A)). Court-appointed counsel filed a petition to withdraw and a *Turner*/*Finley*[7] no-merit letter. On January 13, 2020, the PCRA court issued notice of its intent to dismiss the petition and granted counsel's petition to withdraw. *See* Pa.R.Crim.P. 720(1). The court granted two requests for an extension of time for Cobbs to respond to the Rule 907 notice, ultimately giving him until September24, 2020, to file a response, which he did on June 21, 2020.

On August 21, 2020, the court dismissed Cobb's PCRA petition and Cobbs timely appealed to this Court. In his court-ordered Rule 1925(b) statement, Cobbs raised ten issues challenging the VOP sentence, including

---

[7] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

that the court erred in failing to grant him 3,650 days' time credit for time served in custody. (Rule 1925(b) Statement, 9/30/20, at 1 ¶ 2(a)).[8] The appeal was docketed at 936 WDA 2020.

_____

[8] In his other nine issues, Cobbs claimed:

\* \* \*

b. the trial court erred when it abused its authority when it sentenced Appellant to the aggregate 20-year maximum sentence after the Appellant had already served the maximum on the mitigated sentence on March 7, 2016.

c. the trial court erred when it illegally sentenced Appellant on Count Two of the first CC No: 200213095 on March 7, 2016, which is a Count that said no further penalty was originally imposed. A defendant cannot legally be resentenced on a GWP (without further penalty) upon a resentencing.

d. the trial court erred when it resentenced Appellant to 10 years and 18 days over the 20-year maximum sentence when it resentenced him on March 7, 2016.

e. the trial court erred when it violated Appellant's due process rights at sentencing on March 7, 2016.

f. the trial court erred when it resentenced Appellant for having 5 female friends on March 7, 2016.

g. the trial court erred when it didn't resentence Appellant on the 5 year probation on March 7, 2016.

h. the trial court erred when it resentenced Appellant unjustly and was being biased towards Appellant on March 7, 2016.

i. the trial court erred when it resentenced Appellant on expired Count One at docket number 200213095.

_(Footnote Continued Next Page)_

- 7 -

**E.**

In the meantime, on June 17, 2020, Cobbs filed a *pro se* motion for time credit, again requesting that the court credit the ten years he served from December 22, 2002, until December 22, 2012. (**See** Motion for Time Credit, 6/17/20, at 1). On July 22, 2020, the trial court issued an order that granted credit for time served in both cases from February 2, 2013, to March 16, 2015, from June 26, 2015, to October 2, 2015, and from November 19, 2015, to March 7, 2016 (979 days). The order specified that "no credit is given which was previously used in a prior sentence." (Order, 7/22/20).

Cobbs timely appealed from the July 22, 2020 order. In his court-ordered Rule 1925(b) statement, Cobbs raised one claim: "The trial court erred when it failed to credit [him] with 3,650 days time credit for time served in custody when it resentenced [Cobbs] on March 7, 2016." (Rule 1925(b) Statement, 9/08/20, at 1 ¶ 2(a)). The appeal was docketed at 869 WDA 2020.

**F.**

On November 2, 2020, a panel of this Court addressed Cobbs's related appeals at 869 WDA 2002 and 936 WDA 2002 in one memorandum opinion. It quashed the appeal at 869 WDA 2002 for technical reasons, although it

---

       j. the trial court erred when it resentenced Appellant without allowing Appellant to call on his witness on March 7, 2016.

(Rule 1925(b) Statement, 9/30/20, at 1-2 ¶¶ 2(b)-(j)).

- 8 -

noted that the PCRA appeal did raise "one cognizable challenge to the legality of the VOP sentence concerning the application of time credit" that it addressed in its consideration of appeal 938 WDA 2002. (***Commonwealth v. Cobbs***, 268 A.3d 395, at *4 n.9 (Pa. Super. filed Nov. 2, 2021) (unpublished memorandum)). In considering Cobbs's claim that the trial court erred in failing to grant him time credit for the ten years he already served on IDSI, the Court observed:

> [Cobbs] first claims that his VOP sentence is illegal because the 3,650 days he served on his original sentence should count toward the VOP sentence. …
>
> We note that a criminal defendant is entitled to credit for time served against the maximum term and any minimum term for all "time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S. § 9760(1). Section 9760 bars a defendant from receiving credit against more than one sentence for time served. ***Commonwealth v. Brown***, 145 A.3d 184, 188 (Pa. Super. 2016) (citing ***Commonwealth v. Merigris***, 681 A.2d 194, 195 (Pa. Super. 1996)).
>
> We conclude that [Cobbs]'s entire argument on this issue is misplaced. Cobbs did receive credit for the ten years he served on the original sentence, because … Cobbs "maxed out," or served the entire maximum term of ten years on that sentence for IDSI. At the time of [Cobbs]'s criminal acts, IDSI had a statutory maximum term of twenty years, Appellant received credit for the ten years that he served on the original sentence, the trial court ordered [Cobbs] to serve the remaining available ten years under the statute, and the trial court awarded [him] with credit for time served.[a] [Cobbs]'s VOP sentence of five to ten years, combined with the time to which he was previously sentenced, which was also five to ten years, does not exceed the twenty-year maximum amount of time to which he can be sentenced for each conviction for IDSI. [Cobbs]'s VOP sentence is a legal sentence.

[a] As stated, on July 22, 2020, the trial court also clarified its award of time credit. Order, 7/22/20.

(*Id.* at *5) (record citation and two footnotes omitted).

### G.

Cobbs again filed a motion for time credit and corrected commitment on March 20, 2022, in which he averred that "he was not given credit for the time served in the SCI-Albion 3,650 days … from 2002 to 12-22-2012." (Motion for Time Credit and Corrected Sentence Commitment, 3/30/22). The court denied the motion on April 21, 2022. (Order, 4/21/22). Cobbs timely appealed and on August 18, 2022, the court ordered Cobbs to file a Rule 1925(b) statement within 21 days.

This Court's docket reflects that on September 8, 2022, Cobbs filed *pro se* correspondence with this Court requesting an extension of time to file his Rule 1925(b) statement, which this Court denied without prejudice for Cobbs to seek relief in the trial court. (*See* Order, 9/15/22). On September 26, 2022, Cobbs filed a Rule 1925(b) statement in this Court, claiming:

a. The lower courts refused to send a new DC 300 court commitment (*sic*) form here to SCI-Forest with the ten years of time credit on it so that the D.O.C. and SCI-Forest can fix my sentence as it is stated in your superior court November 2nd 2021 decision.

b. The Da who is Stephen A. Zappala stated in his brief to the [S]uperior [C]ourt in (Brief 936 WDA 2020) that I was sentenced to just ten years more but I don't have no paper work stating that.

c. The [S]uperior [C]ourt also stated in there (*sic*) November 2nd 2021 decision that I was court ordered to serve the remaining ten years under the statute in which is a 5 to 10 years sentence.

- 10 -

d. The department of corrections central office specialist of records department Mr. Tony Stair stated that they have not received the sentencing order that mentioned anything that states I am to receive ten years of credit from the lower courts.

e. On 6/21/2022 I received another letter from the department of corrections specialist by the name of Mr. Williams Bennage-Gregory and he stated in his letter to me that in the [S]uperior [C]ourt[']s order dated November 2nd 2021 it does not mention anything about my sentence being a 5 to 10 year sentence and until they receive an amended order correcting the sentence they will not fix my sentence.

f. By not sending an amended order to the department of correction will make my sentence illegal still also by not correcting this error of giving my ten years credit will put me ten years over the 20 year maximum.

g. My maximum date should be June 30th of 2023 not June 30th 2033 and for the above reasons this motion should be granted.

(Rule 1925(b) Statement, 9/08/22, at 1 ¶ 2 (a)-(g)).

On September 29, 2022, we directed the Prothonotary of this Court to provide a copy of the document to the trial court for its convenience. (*See* Order, 9/29/22). The trial court docket does not reflect the Rule 1925(b) statement, and on November 17, 2022, the court issued a Rule 1925(a) opinion finding that Cobbs waived any claims.[9]

_____

[9] It is well-settled that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see also* Pa.R.A.P. 1925(b)(4)(vii). "[T]he purpose of Rule 1925 is to facilitate appellate review and to provide the parties and the public with the legal basis for a judicial

*(Footnote Continued Next Page)*

In his brief to this Court, Cobbs raises one issue for our review: "Did the trial court err as a matter of law by failing to credit [him] with all time served on his original sentence and apply it to his VOP sentence?" (Cobbs's Brief, at 4).

## II.

## A.

Cobbs argues that his "VOP sentence violates 42 Pa.C.S.A. § 9760(1) & (2), and exceeds the maximum allowable sentence governed by 18 Pa.C.S.A. § 1103(1) by ten years making it illegal." (*See id.* at 8). The Commonwealth treats Cobbs's request for relief as an untimely PCRA petition that was properly dismissed. (*See* Commonwealth's Brief, at 14-21).

As previously noted, regardless of how Cobbs titled his requests for relief, "courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." *Fantauzzi*, 275 A.3d at 995 (citations omitted). Although Cobbs buttresses his argument by adding that the trial court failed to provide a new

---

decision." *Commonwealth v. Rogers*, 250 A.3d 1209, 1224 (Pa. 2021) (citation omitted). Instantly, when Cobbs incorrectly filed his Rule 1925(b) statement in this Court, the Prothonotary was directed to provide a copy to the trial court, which appears not to have happened, so there is no trial court opinion addressing his issues or explaining the reasons for its decision. However, we may affirm a trial court decision on any legal basis. *See Commonwealth v. Santiago*, 270 A.3d 512, 520 n.8 (Pa. Super. 2022) (citation omitted). This Court, the trial and PCRA courts have addressed the legality of the VOP sentence before; therefore, we will address Cobbs's claim.

commitment order so all his time credit has not been awarded,[10] his claim is that his VOP sentence is illegal because it exceeds the statutory maximum where he was not given credit for time served, which is "undoubtedly cognizable under the PCRA" and, therefore, it is to be treated as a PCRA petition.[11] *Id.* (citing **Commonwealth v. Taylor**, 65 A.3d at 467); *see* 42 Pa.C.S. § 9543(a)(2)(vii) (stating that to be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the sentence resulted from the "imposition of a sentence greater than the lawful maximum"); (*see also* Commonwealth's Brief, at 15-23).[12]

Before considering the merits of Cobb's claim, we must first determine whether it is timely, thus vesting us with jurisdiction. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). "Where a new sentence is imposed at a probation revocation hearing, the revocation

---

[10] (**See** Cobbs' Brief, at 11, 14).

[11] Cobbs acknowledged this fact where he raised this same claim in his first PCRA petition. (**See** *Pro se* PCRA Petition, 9/09/19, at ¶ 6(A)). Furthermore, unlike in his first motion for time-credit in which he sought clarification of the computation of the time-served, which the trial court provided, the only claim in the motion for time-credit for our review is that the court erred in not giving him credit for the ten years' time served.

[12] "Our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. King**, 259 A.3d 511, 520 (Pa. Super. 2021) (citation omitted).

hearing date must be employed when assessing finality under § 9545(b)(3) to any issues directly appealable from that hearing." ***Commonwealth v. Anderson***, 788 A.2d 1019, 1021 (Pa. Super. 2001), *appeal denied*, 798 A.2d 1286 (Pa. 2002). A judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. ***See Commonwealth v. Moore***, 247 A.3d 990, 998 (Pa. 2021).

In this matter, Cobbs's VOP sentence was imposed on March 7, 2016. On June 25, 2018, this Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied review on November 27, 2018. Therefore, the VOP sentence became final on February 25, 2019, when Cobb's time to appeal to the United States Supreme Court expired and he had until February 25, 2020, to file a timely PCRA petition. ***See*** U.S. Sup. Ct. R. 11. His petition filed on March 30, 2022, is untimely on its face and we lack jurisdiction to consider any claims raised therein unless Cobbs pleads and proves one of the three limited exceptions to the time-bar,[13] which he failed to do since he did not acknowledge that his filing was a PCRA petition.

---

[13] The three limited exceptions to the time-bar are:
*(Footnote Continued Next Page)*

Further, in order to be eligible for relief, a PCRA petitioner must demonstrate that his allegation of error "has not been previously litigated or waived." 42 Pa. C.S.A. § 9543(a)(3). Previous litigation is defined in relevant part as follows: "For purposes of this subchapter, an issue has been previously litigated if: … the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue [.]". 42 Pa. C.S.A. § 9544(a)(2); **Commonwealth v. Derk**, 913 A.2d 875, 881 (Pa. Super. 2006).

Previously, this Court addressed Cobbs's following claim: "Whether the trial court erred when it failed to credit Appellant with 3,650 days of credit for time served in custody when it resentenced [him] on March 7, 2016[,]" which in practical effect is the same issue he now raises. (**Cobbs**, 268 A.3d at *5); (**see** Cobbs's Brief, at 10). Therefore, the issue was previously litigated and

---

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

- 15 -

this Court affirmed the VOP sentence specifically addressing the time-served argument.

Cobbs appears to be confused about the Court's memorandum opinion because this Court affirmed the VOP sentence so it is unclear why he believes the trial court was directed to change it or provide a new commitment order. We remind Cobbs that, "upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Bowser*, 783 A.2d 348, 349 (Pa. Super. 2001) (citation omitted). This Court concluded that Cobbs's issue had no merit where the maximum sentence he originally could have received for Count One IDSI at 13095-2002 was 20 years, he served his maximum ten on the original sentence, and upon revocation, in consideration of the fact that Cobbs had served ten years of the 20-year maximum, the court sentenced him to only five to ten more years on that count. The fact that he was sentenced to a consecutive term of five to ten years at case number 13096-2002 is of no moment because, at the time of the original sentence, Cobbs could have received a maximum 20-year term on both counts, not just on either one, as they involved criminal behavior against a different victim.

In sum, even if timely filed, this issue was previously litigated, found to have no merit, and Cobbs is due no relief where the sentence is not illegal and considers time served.

**B.**

We also note that Cobbs argues that his juvenile adjudication for robbery was assigned an incorrect record score and this resulted in an illegal sentence. (***See*** Cobbs's Brief, at 14-15). The Commonwealth responds that this issue is waived for Cobbs's failure to include it in his Rule 1925(b) statement or to provide any support for the claim. (***See*** Commonwealth's Brief, at 22).

We agree with the Commonwealth that Cobbs did not include this challenge as one of the seven issues he raised in the filed Rule 1925(b) statement, resulting in waiver. (***See*** Rule 1925(b) Statement, 9/23/22); ***Commonwealth v. Davis***, 273 A.3d 1228, 1239 n.5 (Pa. Super. 2022) (finding claim waived where appellant failed to raise specific issue in in his Rule 1925(b) statement); Pa.R.A.P. 1925(b)(4)(vii).

Further, this claim is neither included in Cobbs's statement of questions involved nor is it fairly suggested thereby in violation of Rule 2116(a). ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); ***Commonwealth v. Garland***, 63 A.3d 339, 342 (Pa. Super. 2013) (waiving issue not raised in statement of questions involved).

Finally, his brief argument on this issue is inadequate where it only cites boilerplate law about prior record scores and provides no citations to the record or any specifics about how that law was allegedly misapplied in his

case.  (**See** Cobbs's Brief, at 14-15); **see** Pa.R.A.P. 2101(a), (c).  Therefore,

the claim is waived on this basis as well.

For all these reasons, Cobbs is due no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/12/2023